### COMMONWEALTH *vs.* MOODY DOW.

Upon the trial of an indictment against Dow for being a common seller of intoxicating liquors in a building used by the defendant as a shop and place of business, a witness for the Commonwealth spoke of the building as " Dow's hotel " and as "his place; " and the jury were instructed that, so far as the witness used these expressions as mere terms of description or identification, or incidentally by way of allusion or reference to point out a place known by those names, they would not tend to prove proprietorship, but, so far as he used them in a positive statement and assertion of proprietorship, they would tend to prove it, and were proper for their consideration with the other evidence on that question. *Held,* that the defendant had no ground of exception.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors at Lynn at a certain time, "in a building then and there used by him as a shop and place of business." Trial and conviction in the court of common pleas, before *Perkins*, J., to whose rulings the defendant alleged exceptions, the only one of which differing from those overruled in other cases, was as follows:

" A witness, called by the government, in giving his testimony, spoke of the place and building in question, where the government contended that the defendant had been a common seller of spirituous and intoxicating liquors, at one time as ' Dow's Hotel,' at another time as ' his place.' The defendant requested the court to instruct the jury that these expressions of the witness were not evidence tending to show that the defendant was keeper of the place, but were mere expressions of

the opinion of the witness, and as such should not be taken into consideration by the jury, upon the question whether the defendant was keeper. But the court instructed the jury that the force to be given to these expressions must be judged of by themselves, from the connection in which they were employed by the witness; that so far as they were made use of by the witness as mere terms of description or identification, or incidentally by way of allusion or reference, to point out a place known as 'Dow's hotel' or 'his place,' they would not tend to prove proprietorship; but as far as these expressions were made use of by the witness in a positive statement and assertion of proprietorship during the time in question, as if the witness stated positively that the establishment in question during the time in question was 'Dow's hotel,' or 'Dow's place,' or 'his place' of business, as of his own positive knowledge upon that subject, 'his' and 'Dow's,' referring to and meaning the defendant, in the statement of the witness, that the introduction of the testimony in this shape not having been objected to, it was before the jury for consideration with the other evidence on the question of proprietorship, so far as that question was material in the line of proof, to charge the defendant with sales made by other persons in said building and place, as his clerks, servants and agents. There was other evidence tending to show that the defendant was the proprietor and keeper of the said hotel, and that he made sales therein personally and by his clerks."

*W. D. Northend,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

THE COURT                    *Overruled the exceptions.*